**In the United States Bankruptcy Court for the District of Kansas**

In re: Tsar Nichoulai Caviar, LLC

   Debtor.

_____/

Case No. 18-10066-11

## United States Trustee Samuel K. Crocker's Motion to Dismiss

### 1. Preliminary Statement

Under 11 U.S.C. § 1112(b), the United States Trustee moves the Court to dismiss this case for cause. As discussed below, there are three causes for dismissing this case:

1. Improper venue,
2. Lack of a corporate resolution authorizing the filing of bankruptcy, and
3. Continuing loss with an absence of a reasonable likelihood of rehabilitation.

### 2. Background

On January 16, 2018, Marian Mahone, filed for Ch. 11 protection for Tsar Nichoulai Caviar, LLC.[1] Mahone's title is not shown on the petition. She does hold a 51% interest in the debtor and at one time was the manager. The principal place of business for the debtor is listed as 5018 Tuttle Cove, Manhattan, KS 66502. On question 11 of Official Form 201—Voluntary Petition for Non-Individuals Filing for Bankruptcy—Debtor checked that its domicile, principal place of business, or principal assets were in this district

---

[1] The correct corporate name is Tsar Nicoulai Caviar, LLC.

for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. Further, on question 17, Marian Mahone indicates that she has been authorized to file this petition on behalf of the debtor and is the authorized representative of the debtor.

Debtor shows on Schedule AB: Assets – Real and Personal Property, that it has no cash, no accounts receivable, and no investments. Debtor does indicate that it is the owner of real property located at 10822 Gay Road, Wilton, CA 95693. Pacific Plaza Imports has a secured claim to this property. The only other asset shown on the schedules is an unliquidated claim for accounting and recovery of misappropriated funds from receiver showing $10,000,000 requested. But, no formal action has been filed in this matter.

Tsar Nicoulai Caviar, LLC is a limited liability company formed in Nevada on October 2, 2002. The current office is shown as Marion Mahone, manager, with the address of 5018 Turtle Cove, Manhattan, KS 66502. The registered agent is shown to be Nevada Business Services, 1805 N Carson Street, Ste. X, Carson City, NV 89401.

On November 18, 2002, Tsar Nicoulai Caviar filed its application for registration with the State of California as a foreign limited liability company. The application was signed by Mats Engstrom as president with an address of 2171 Jackson, San Francisco, CA 94115. On May 26, 2015, Marion

Mahone filed a Statement of Information with the California Secretary of State showing her as general manager with her Manhattan, KS address.

Tsar Nicoulai Caviar is not registered as doing business in Kansas with the Office of the Secretary of State in the State of Kansas.

As the name suggests, Tsar Nicoulai Caviar specializes in selling caviar. Tsar Nicoulai Caviar maintains a website at https://tsarnicoulai.com/. The website shows the contact information as 3018 Willow Pass Road, Ste. 200, Concord, CA 94519, with a telephone number of (415) 543-3007.

On July 14, 2011, Mats and Dafine Enstrom obtained a judgement against Tsar Nicoulai Caviar, LLC and RH Capital, LLC for $1,318,021 in the Superior Court of California, County of San Francisco, San Francisco, CA. On December 21, 2016, the judgement was assigned to Pacific Plaza Imports, Inc.

On December 14, 2017, the Sacramento County Sheriff's Department issued a Notice of Sale of Real Property of the real property located at 10822 Gay Road, Wilton, CA 95693 with a sale date of January 17, 2018, at the William R. Ridgeway Family Relations Courthouse in Sacramento, CA.

The day before the sale, Mahone filed this bankruptcy on behalf of the debtor. On January 26, 2018, the U.S. Trustee held an initial debtor interview to discuss the nature of the case and the administrative duties of the debtor. Mahone and Joseph Knopp— the attorney for the debtor—

attended the meeting. At the meeting, the U.S. Trustee learned that the bankruptcy was filed to stop the sale of the Gay Road property and to pursue the litigation against the receiver. The U.S. Trustee was further informed that no board meeting was held to authorize the filing of the bankruptcy and there is no money available to fund the Chapter 11 reorganization.

On January 29, 2018, Pacific Plaza Imports, Inc. filed a motion to modify stay in order to complete the foreclosure of the Gay Road property.

3. **Law and Argument**

Title 28 U.S.C. § 1408(1) sets forth proper venue being in the district...in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement....

Tsar Nicoulai Caviar's domicile is in California and is incorporated in Nevada. Tsar Nicoulai Caviar fails to meet the venue test under section 1408(1). Title 28 U.S.C. § 1406(a) sets forth the powers of the District Court when venue is improper as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"The majority of courts have held that, if venue is contested and found to be improper, a bankruptcy court may not retain the case but rather must dismiss it or transfer it pursuant to section 1406(a) and Bankruptcy Rule 1014(a)(2)."[2]

Since Tsar Nicoulai Caviar does not meet the venue requirement the case should be dismissed.

"A bankruptcy case filed on behalf of an entity without authority under state law to act for that entity is improper and must be dismissed." [3]

Here, as Mahone stated at the initial debtor interview, no board meeting was held to discuss this action nor has any operating agreement been produced to show that she had authority to file this bankruptcy. Without the proper corporate authority to file bankruptcy, the case must be dismissed.

Further, under 11 U.S.C. 1112(b)(1), bankruptcy courts may dismiss a Ch. 11 case for cause. In turn § 1112(b)(4) sets forth a non-exhaustive list of causes. In this case, the Debtor has no funds to operate and the primary asset is on the verge of a sheriff's sale. The Debtor will continue to have loss or diminution of the estate going forward with no reasonable likelihood of

---

[2] *In re Sorrells*, 218 B.R. 580, 586 (10th Cir. BAP 1998). See also, *In re Blagg*, 223 B.R. 795, 803 (10th Cir. BAP 1998). See also *ICMR, Inc. v. Tri-City Foods, Inc.*, 100 Bankr. 51, 54(D. Kan. 1989)(stating when a case is filed in an improper district the Bankruptcy Court has only two options; either dismiss the case or transfer the case).

[3] *In re DB Capital Holdings, LLC*, No. Co-10-046, 2010 WL 4925811, at *2 (10th Cir. BAP Dec. 6, 2010). *See In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr.D.Idaho 2005) (a voluntary case may only be commenced by the filing of a petition for relief by an entity who qualifies to be a debtor, and the issue of a filer's authority to file on behalf of an entity must be determined by state law).

rehabilitation. Thus under § 1112(b) cause exists for the dismissal of this case.

## 4. Conclusion

Tsar Nichoulai Caviar does not meet the venue requirements to have the case filed in Kansas. Further, there has been no corporate resolution to file this bankruptcy. And the Debtor lacks the resources in order to reorganize under Chapter 11. As a result, the United States Trustee asks that this Court dismiss this case and grant any other relief the Court finds appropriate.

SAMUEL K. CROCKER U.S. TRUSTEE

BY *s/ Richard A. Wieland*
RICHARD A. WIELAND
Trial Attorney, No. 12294
301 North Main, Suite 1150
Wichita, Kansas 67202
316-269-6214
316-269-6182-FAX
Richard.Wieland@usdoj.gov

## Certificate of Mailing

I hereby certify that on January 29, 2018, a true and correct copy of the United States Trustee Samuel K. Crocker's Motion to Dismiss was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the United States Trustee Samuel K. Crocker's Motion to Dismiss was forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Tsar Nicoulai Caviar, LLC
Attn: Marian Mahone
5018 Tuttle Cove
Manhattan, KS 66502

*s/ Richard A. Wieland*
RICHARD A. WIELAND